CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 08, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILSON, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:26-cv-00086 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| KIMBERLY HAUG, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Wilson has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.

*See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law.  Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Wilson alleges that he is falsely imprisoned pursuant to perjured testimony by informants in Floyd County.  (Compl. 5.)  Wilson references certain competency proceedings, and it is unclear if Wilson was deemed competent or incompetent to stand trial.  Wilson states that he was "acquitted" and released but "NRVRJ came and kidnapped, abducted, and false imprisoned me, to this very day . . . . Because of a child abuse charge I took against them in 2022 of which I got the money now to proceed if I get out, . . . ."  (*Id.* at 5–6.)  Plaintiff concludes by stating that this is "in violation of federal protective orders not to hold me at New River Valley Jail I can only be held at Marion State Mental Hospital Central State or Saint Albins . . . ."  (*Id.* at 6.)  In his request for relief, Wilson asks to be "sent to Marion."

Plaintiff's claims are largely incomprehensible and fail to provide notice of the claim or claims that he seeks to raise.  To the extent that Wilson seeks relief for being kidnapped and/or abducted, this is a frivolous claim.  "A factually frivolous claim involves 'allegations that are fanciful, fantastic, and delusional.'"  *Wright v. Kircher*, Civil Action No. DKC-24-1018, 2025 WL 2106750, at *2 (D. Md. July 28, 2025) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)); *see Banks-Gervais v. IRS*, No. 12-CV-4300 (JG) (RER), 2012 WL 5504883, at *2 (E.D.N.Y. Nov. 13, 2012) (dismissing claims alleging "kidnapping, massacre and mass graves" as frivolous).  Further, if Wilson is attempting to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit.  A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (summarizing the distinctions

2

between § 1983 and habeas actions).

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: May 8, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge